[Civ. No. 28846. Fourth Dist., Div. One. Aug. 20, 1984.]

CITY OF SAN MARCOS, Plaintiff and Respondent, v.
BOARD OF SUPERVISORS OF SAN DIEGO COUNTY,
Defendant and Appellant.

**COUNSEL**

Lloyd M. Harmon, Jr., County Counsel, Howard P. Brody, Chief Deputy County Counsel, and Barbara B. Baird, Deputy County Counsel, for Defendant and Appellant.

John R. Harper and Nazarek, Harper, Hopkins & McFarlin for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—The County of San Diego appeals a judgment requiring it to levy ad valorem property taxes on property within the San Marcos Unified School District (District) in order to pay a special assessment imposed on school district property by the City of San Marcos.

I

San Marcos formed an assessment district under the Municipal Improvement Act of 1913 and the Improvement Act of 1911 (Sts. & Hy. Code,

§ 10000 et seq., and § 5000 et seq.) and imposed a special assessment on property within the assessment district to finance street improvements. The San Marcos Unified School District owns a parcel of land within the assessment district. Over the District's objections to including its property within the assessment district based on its inability to pay any assessment, and, notwithstanding San Marcos' power to exempt the public property from the assessment (Sts. & Hy. Code, § 5301), San Marcos imposed the assessment and billed the District for $17,000.

Unable to pay the assessment in a lump sum, the District elected to pay the assessment in instalments (Sts. & Hy. Code, § 5302.5). However, the District did not have the money even to pay the assessment in instalments and, because property owners in the school district were already being taxed at 1 percent of the full cash value of their property, the District concluded California Constitution article XIII A, section 1 prevented it from imposing any more property taxes to raise the necessary money. Therefore, the District did not pay the assessment. San Marcos advanced the amount necessary to cover the assessment and then asked San Diego to impose a tax on the property owners within the school district to pay the assessment (Sts. & Hy. Code, § 5302.5). When San Diego refused, claiming such tax would violate article XIII A, section 1, San Marcos asked the superior court for a writ of mandate requiring San Diego to impose the tax. The court granted the request, concluding although the tax was an ad valorem property tax, imposing it did not violate article XIII A, section 1, because all the tax did was "pass through" the special assessment to the real owners of the school district property—private property owners within the school district, and therefore, the article XIII A limitations did not apply.

## II

■ Appealing, San Diego correctly contends the court erred in concluding section 5302.5 authorized it to impose ad valorem property taxes beyond the 1 percent limitation of article XIII A, section 1, in order to pay a special assessment imposed on public property. The court mischaracterized the proposed tax which in fact was a *special* ad valorem property tax which San Marcos sought to impose for the specific purpose of paying the assessment (see *City and County of San Francisco* v. *Farrell* (1982) 32 Cal.3d 47, 57 [184 Cal.Rptr. 713, 648 P.2d 935], holding special taxes are those taxes levied for a specific purpose rather than for general governmental purposes). Because San Diego's imposing this ad valorem property tax would have exceeded the 1 percent limitation, such imposition was constitutionally prohibited. Moreover, even if the levy were considered a special tax to pass the cost of the assessment to the district residents (rather than a special *ad*

*valorem property tax*) it could not have been imposed without approval of two-thirds of the voters in the school district (Cal. Const., art. XIII A, § 4).

Judgment reversed.

Cologne, J., and Staniforth, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 18, 1984.